UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANAID EL, Ex-Relatione DIANA DAWES/DAWES, DIANA,<br><br>    Plaintiff,<br>v.<br><br>WILLIAM WHITEHEAD, in his individual and official capacity, JAY MORAN, in his individual and official capacity, SARA GREENE, in her individual and official capacity, STUART ROSEN, in his individual and official capacity, MICHAEL BZDYRA, in his individual and official capacity, JOHN DOE, in his individual and official capacity, and JANE DOE, in her individual and official capacity,<br><br>    Defendants. | Civil Action No.<br>3: 18 - CV - 2033 (CSH)<br><br><br><br><br>DECEMBER 17, 2018 |

### RULING ON PLAINTIFF'S MOTION FOR RESTRAINING ORDER [Doc. 5]

**HAIGHT, Senior District Judge:**

Plaintiff commenced this action by filing a *pro se* complaint on December 12, 2018. Doc. 1. The first-named Defendant, William Whitehead, was at the pertinent time an officer of the East Hartford Police Department. The case arises out of Whitehead's issuing to Plaintiff on April 7, 2016, a summons for operating a motor vehicle without mandatory insurance and for operating an unregistered motor vehicle, in violation of Connecticut statutes. Plaintiff contends that Whitehead's issuance of that summons was illegal. Plaintiff made that contention in an earlier habeas corpus petition which this Court dismissed on Defendants' unopposed motion. *Anaid Sewad El v. Manchester Corp., et al.*, No. 3:16-cv-1437 (CSH), Ruling dated February 15, 2017 [Doc. 5].

1

Plaintiff reasserts that theory in her present complaint.

Plaintiff's complaint [Doc. 1] is accompanied by a motion [Doc. 5] for a self-styled "Emergency Stay / Protective Order," which the Court will construe as a motion for a Temporary Restraining Order ("TRO"). In that motion, Plaintiff prays for "a stay" against the "proposed suspension" of her driver's licence. Doc. 5, at 1. In that regard, the complaint alleges at 4 that on November 17 she received a notice from the Connecticut Department of Motor Vehicles "that the license issue [*sic*] will be suspended effective 17 December 2018 as a result of a 'conviction of operating without required insurance,'" and advising further that Plaintiff "may request an administrative hearing to contest" that action. Doc. 1, at 4. Plaintiff alleges that she submitted that request on November 29, and has not yet received an answer from the State authorities. *Id.*

It is apparent from the Court's reading of Plaintiff's submissions that she does not allege facts sufficient to demonstrate irreparable harm, an essential requirement for any form of injunctive relief (TRO or preliminary injunction). Injunctive relief is warranted "when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (citation and internal quotation marks omitted). The Second Circuit has held repeatedly that any TRO or PI motion will be denied if the movant "failed to establish the irreparable harm element required for injunctive relief." *Al-Bukhari v. Dep't of Correction,* 720 F. App'x 655, 656 (2d Cir. 2018). In the case at bar, on Plaintiff's own account there is pending her request for a State administrative hearing which may abrogate the threatened

suspension of her license. Those circumstances do not support a finding of irreparable harm. Plaintiff's motion fails for that reason alone.

The Court neither expresses nor intimates a view as to whether, if irreparable harm is subsequently shown, Plaintiff would be able to make a showing on the merits sufficient to satisfy one or the other of the two remaining requirements for preliminary injunctive relief. That question may be the subject of further motion practice if Plaintiff presses the issue.

For the foregoing reasons, Plaintiff's motion [Doc. 5] for "Emergency Stay / Protective Order" is DENIED.

It is SO ORDERED.

Dated: New Haven Connecticut
       December 17, 2018

                                                  */s/Charles S. Haight, Jr.*
                                                  CHARLES S. HAIGHT, JR.
                                                  Senior United States District Judge