UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANAID EL, Ex-Relatione DIANA DAWES/DAWES, DIANA,<br><br>   Plaintiff,<br>v.<br><br>WILLIAM WHITEHEAD, in his individual and official capacity, JAY MORAN, in his individual and official capacity, SARA GREENE, in her individual and official capacity, STUART ROSEN, in his individual and official capacity, MICHAEL BZDYRA, in his individual and official capacity, JOHN DOE, in his individual and official capacity, and JANE DOE, in her individual and official capacity,<br><br>   Defendants. | Civil Action No.<br>3:18-cv-02033 (CSH)<br><br>January 4, 2019 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the Court is Plaintiff's *Motion for Reconsideration* of the Court's Ruling dated December 17, 2018 [Doc. 8], in which the Court denied Plaintiff's motion for an "Emergency Stay/Protective Order."[1] The case arises out of Defendant Whitehead's issuance of a summons to Plaintiff for operating a motor vehicle without mandatory insurance and for operating an unregistered motor vehicle in violation of Connecticut statutes. Subsequently, Plaintiff alleges that she received a notice from the Connecticut Department of Motor Vehicles "that the license issue [sic] will be suspended effective 17 December 2018 as a result of a 'conviction of operating without required insurance,'" and advising that Plaintiff "may request an administrative hearing to

---
[1] The Court construed this as a motion for a Temporary Restraining Order.

contest" that action. [Doc. 1 at 4.] Plaintiff alleges that she submitted that request on November 29, and has not yet received an answer from the State authorities. [*Id.*]

Plaintiff filed a motion for an "Emergency Stay/Protective Order" on December 13, 2018 (the "TRO Motion"), in which she requested "a stay" against the "proposed suspension" of her driver's license. [Doc. 5 at 1.] She stated that the "proposed suspension" of her driver's license would "create an extreme hardship upon myself and my family; make it impossible to retrieve mail relative to this case as well as the freedom to move about when copies are needed and documents must be either dropped off or mailed; as well as the action is unconstitutional AND is in direct opposition to the premise of impunity when one observes their guaranteed constitutionally secured liberties . . . ." [Doc. 5 at 1.] The Court denied her request for emergency relief, finding that she had failed to allege facts sufficient to demonstrate irreparable harm. [Doc. 8 at 2.] Specifically, the Court found that, by Plaintiff's own account, her request for a State administrative hearing remained pending, which may abrogate the threatened suspension of her license. [*Id.* at 2-3.]

Plaintiff now seeks reconsideration of this Ruling. The standard for granting a motion for reconsideration is "strict," and reconsideration will "generally be denied unless the moving party can identify controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)); D. Conn. Civ. R. 7(c) (a motion for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order"). Importantly, a motion for reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), nor may it be used "to advance new theories or adduce new evidence in response to

the court's rulings." *Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 CIV. 9464 RMB THK, 2011 WL 308276, at *2 (S.D.N.Y. Jan. 28, 2011) (internal quotation marks and citation omitted). Rather, the "sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake." *Id.*

In her Motion for Reconsideration, Plaintiff reiterates several arguments set forth in her TRO Motion—that loss of a license would create extreme hardship for her and her family, and that the act of suspending her license was unconstitutional—but does not address the Court's basis for denying Plaintiff's motion, *i.e.*, that Plaintiff's pending request for a State administrative hearing may abrogate the threatened suspension of her license. Nor does she proffer facts that could reasonably alter the Court's analysis—for example, that Plaintiff's request for a hearing had been denied, or that Plaintiff would suffer a particular irreparable harm while waiting for a hearing. Plaintiff has therefore failed to demonstrate that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). Her motion for reconsideration will therefore be DENIED.

It is **SO ORDERED.**

Dated: New Haven, Connecticut
      January 4, 2019

                                         /s/ Charles S. Haight, Jr.
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge